## CODY v LANDIS

Ohio Appeals, 2nd Dist, Miami Co

No 406. Decided Feb 28, 1941

W. A. Haines, Troy, and M. E. Norris, Troy, for appellant.

Kerr, Kerr & Kerr, Troy, and Carl B. Felger, Troy, for appellee.

## OPINION

BY THE COURT:

This case is before this Court on appeal on law and fact from a decision of the Court of Common Pleas.

In the court below, petition was filed by the plaintiff praying that the defendant may be required to specifically perform her agreement by conveying the premises in question to the plaintiff upon the payment of $2025 and for an accounting of rents and profits. The contract was to the effect that the buyer agreed to pay $3200, $1175 in cash and $2025 on or before the 1st of July, 1938, and that upon the payment of the balance a warranty deed was to be delivered and that the seller was to give possession on or before the 1st of July, 1938.

The answer admits the ownership of the property; admits that the defendant entered into a written contract with the plaintiff and that by the terms of said written contract the plaintiff was to pay the defendant the sum of $2025.00 on or before July 1, 1938. As a second defense it was alleged that by the conditions of the contract the defendant agreed to pay $3200, $1175 on the execution of the agreement and the balance of $2025 on July 1, 1938; that the cash consideration of $1175 was not paid as stipulated in the contract. It is alleged that because of the plaintiff's neglect to carry out the terms of the contract the transaction was cancelled.

For a further defense it is alleged by the defendant that she tendered a deed and demanded payment for $3200 but that the plaintiff refused to pay said sum.

The reply is to the effect that the amount shown in the contract was a "boosted" amount in order that the price named in the contract might be of assistance in procuring a loan or resale, but that the total amount due was $2025.

The case was heard and the Court rendered a written opinion embodied in an entry of July 30, 1940, wherein the motion for new trial was overruled and it was held that the plaintiff is entitled to specific performance. It was ordered that the defendant execute to the plaintiff a deed upon the payment of $2025, in compliance with the contract and that upon the failure to execute such deed the decree of the Court should operate to that effect. It was further found that should the premises be sold prior to July 1, 1943, the defendant is entitled to share in the profits to the extent of 25%.

An accounting is ordered. From this judgment a notice of appeal was given on questions of law and fact and the case lodged in this Court.

Thereupon defendant filed in this Court a motion that the Court render judgment on the pleadings for the reasons stated. The motion recites five different grounds, which may be briefly stated, that the reply is a departure from the petition and a confession not amounting to an avoidance; that the allegations of the defense set up in the answer are by the reply of the plaintiff admitted to be true; that the defense is on the ground of failure of consideration, which is admitted by the plaintiff; that the contract sets out an illegal contract which could not be enforced by either party; that the consideration of the contract was as stated in the reply; that the contract is in itself void for the reason that courts of equity must follow the law.

Each side has filed elaborate briefs which we have studied carefully. We may readily agree that counsel has cited correct legal propositions, but the question remains as to whether they are properly applicable to the case at bar. The motion is for judgment on the pleadings for the reasons given and is based upon the claimed authority of §11601 GC. Counsel for the defendant bases his claim for a judgment upon the pleadings largely upon the allegation that the pleadings and the exhibits disclose the fact that there is fraud in the stated inflation of the

price at which the real estate was really to be sold, giving to it a fictitious value. Had the plaintiff attempted to defraud the defendant there might be something in this position, but there is no attempt to defraud the defendant. Defendant was a party to the fictitious valuation to the same extent as was the plaintiff and was to participate in the benefits in the event the property was sold before July 1, 1943. The Court below has so clearly analyzed this matter that we deem it of no value to restate what was there so well stated.

The other matters in the motion have also received our attention.

Motion overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.